UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, </br></br>Plaintiff, </br></br>v. </br></br>RBC MANAGEMENT LLC, </br>ROCKWELL BEER COMPANY LLC, </br>RBC BIERGARTEN LLC, </br>CHRISTOPHER HULSE, Individually, and </br>HEATHER SANDERS, Individually, </br></br>Defendants. | Civil Action No. 4:22-cv-1130 |

# COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants RBC Management LLC, Rockwell Beer Company LLC, RBC Biergarten LLC, (collectively "Rockwell") and Christopher Hulse and Heather Sanders, (collectively, "Defendants") from violating Sections 206, 207, 211, 215(a)(2), and 215(a)(5) of the FLSA and to recover unpaid compensation, including tip, plus an equal amount in liquidated damages pursuant to Sections 203(m)(2)(B), 25(a)(2), 215(a)(5), 216(c), and 217 of the Act, for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from February 16, 2020 through February 15, 2022 (the

"Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

### Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

### Defendants

3. Defendant RBC Management LLC is a limited liability company within this Court's jurisdiction with an office at 1320 S. Vandeventer Ave., Saint Louis, Missouri, 63110 where it conducts business.

4. RBC Management LLC is responsible for the administration and management of the Rockwell Beer Company LLC and RBC Biergarten LLC, specifically processing payroll for employees at these related businesses.

5. Defendant Rockwell Beer Company LLC is a limited liability company within this Court's jurisdiction with an office at 1320 S. Vandeventer Avenue, Saint Louis, Missouri, 63110 where it conducts business.

6. Rockwell Beer Company LLC operates a brewery and tasting room where it employs employees to brew beer and serve customers from its bar.

7. Defendant RBC Biergarten LLC is a limited liability company within this Court's jurisdiction with an office at 5300 Donavan Avenue, St. Louis, Missouri 63109.

8. RBC Biergarten LLC operates a restaurant that includes a kitchen and bar where it employs employees to prepare food and serve customers.

9.      Defendant Christopher Hulse has actively managed and supervised Rockwell's operations and its employees during the Investigation Period. Among other things, Christopher Hulse has hired and fired employees, set their work schedules, set their pay rates, set the tip policy, processed payroll, and maintained time and payroll records.

10.     Christopher Hulse has acted directly or indirectly in Rockwell's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

11.     Defendant Heather Sanders has actively managed and supervised Rockwell's operations and its employees during the Investigation Period. Among other things, Heather Sanders has hired and fired employees, set their work schedules, set their pay rates, set the tip policy, processed payroll, and maintained time and payroll records.

12.     Heather Sanders has acted directly or indirectly in Rockwell's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

13.     During the Investigation Period, Defendants engaged in business within Saint Louis County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

14.     RBC Management LLC is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

15.     RBC Management LLC is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

3

16.     Rockwell Beer Company LLC is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

17.     Rockwell Beer Company LLC is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

18.     RBC Biergarten LLC is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

19.     RBC Biergarten LLC is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

20.     Specifically employees handled goods and supplies that originated from outside the State of Missouri including, but not limited to, Brewers Supply Group (Shakopee, MN) and Yakima Hops (Yakima, WA).

**FLSA Violations**

*Rockwell violated Section 3(m)(2)(B) because it kept employee tips.*

21.     During the Investigation Period and for times after the investigation until the filing of this Complaint, Defendants violated the provisions of Sections 203(m)(2)(B), 206, 207, and 211 of the Act, 29 U.S.C. §§ 203(m)(2)(B), 206, 207, and 211, by improperly including managers in a tip pool, failing to pay employees the minimum wage, failing to pay employees at

one and one-half times their regular rates of pay for hours worked over 40 in a workweek and failed to keep the required records. Therefore, Defendants are liable for tips and wages owed to these employees and an equal amount of liquidated damages, as set forth below

22. Defendants compensated bartenders through a tip pool arrangement at its two locations.

23. Defendants improperly kept employees' tips by allowing the director of hospitality, Ryan Nickleson, an exempt management employee, to participate in the tip pooling arrangement, in violation of Section 203(m)(2)(B) of the FLSA, 29 U.S.C. § 203(m)(2)(B).

24. Ryan Nickleson worked as the director of hospitality overseeing the day-to-day operations at both locations until at least December 7, 2021.

25. Ryan Nickleson's primary duty was to manage the operations of each location.

26. Ryan Nickleson's responsibilities included hiring, interviewing, promoting, and training employees, and setting rates of pay. He was paid on a salary basis.

27. As a director of hospitality, Ryan Nickleson was not a customarily or regularly tipped employee.

28. While working as the director of hospitality, Ryan Nickleson participated in the tip pool from which he received tips.

29. From at least February 16, 2020 onward, Defendants repeatedly violated the provisions of Section 3(m)(2)(B) of the FLSA, 29 U.S.C. § 203(m)(2)(B), by allowing managers or supervisors to keep employees' tips.

30. In the alternative, from at least February 16, 2020 onward, Defendants violated Section 6 of the FLSA, 29 U.S.C. § 206, by taking a tip credit for employees who did not retain

5

all of their tips or share them in a pool comprised solely of customarily or regularly tipped employees.

31. Therefore, Defendants are liable for the sum of any tip credit taken by the employer, all tips unlawfully kept from certain employees listed in the attached Exhibit A, and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

*Rockwell violated Section 6 because it failed to pay its employees the minimum wage.*

32. Defendants failed to pay its bartenders the required minimum wage under the FLSA.

33. Defendants claimed a tip credit towards its FLSA minimum wage obligations for the bartenders by paying those employees the lower tipped cash wage and using customer tips to make up the difference between the tipped cash wage and the FLSA minimum wage.

34. Because Defendants improperly kept tips as set forth above, the tip pool violated the FLSA.

35. Given the tip pool violated the FLSA, Defendants were not entitled to take a tip credit towards its FLSA minimum wage obligations under the statute.

36. Without the tip credit, Defendants failed to pay the bartenders the minimum wage as required by Section 206 of the FLSA, 29 U.S.C. § 206.

37. Defendants have violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wages at rates less than the applicable minimum wage under the FLSA.

38. From at least February 16, 2020 onward, Defendants repeatedly violated the provisions of Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by including

Ryan Nickleson in the tip pool where they were managers/supervisors and not a customarily or regularly tipped employees.

39. Therefore, Defendants are liable for minimum wage compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

*Rockwell violated Section 7 because it failed to pay the correct overtime premium.*

40. Defendants failed to properly compensate its employees working as bartenders for overtime hours worked.

41. Specifically, Defendants paid bartenders at rates less than one and one-half times the regular rate which those employees were employed for overtime hours worked.

42. Defendants computed the regular rate based on the tipped cash wage instead of the minimum wage minus the tip credit.

43. Defendants repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which those employees were employed for hours worked in excess of 40 hours in such workweeks.

44. Therefore, Defendants are liable for overtime compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

*Rockwell violated Section 11 because it failed to maintain the required records.*

45. Defendants violated the FLSA by failing to make, keep, and preserve adequate and accurate records.

46. Specially, Defendants failed to make, keep, and preserve adequate and accurate time records for one non-exempt brewer, Alaina Hall.

47. Defendants failed to display the required FLSA poster.

48. Defendants failed to keep true and accurate records of the hours worked by each of their non-exempt employees in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

## Remedies Sought

49. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

50. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

51. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

## Prayer for Relief

As a result of Defendants' repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid minimum wage, overtime, and tips, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

/s/ Elaine M. Smith
Elaine M. Smith
Bar No. 69352 (MO)
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
816-285-7262
Smith.Elaine.M@dol.gov

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*