IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>RBC MANAGEMENT LLC,<br>ROCKWELL BEER COMPANY LLC,<br>RBC BIERGARTEN LLC,<br>CHRISTOPHER HULSE, Individually,<br>and HEATHER SANDERS, Individually,<br><br>    Defendants. | Case No. 4:22-cv-1130 |

**<u>DEFENDANTS' ANSWER</u>**

COMES NOW Defendants RBC Management LLC, Rockwell Beer Company LLC, RBC Biergarten LLC, Christopher Hulse and Heather Sanders, by and through their undersigned attorneys, and state that Defendants have ensured that each and every employee has at all times been paid well above what the law requires.  The Department of Labor is attempting to use a single employee's actions and failure to properly perform his job responsibilities during the COVID-19 pandemic to portray a very different picture and to collect a windfall for all of the other employees who are not even claiming they were underpaid or seeking additional pay.  Defendants answer the specific allegations in the Complaint as follows:

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The allegations contained in Paragraph 10 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The allegations contained in Paragraph 12 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. The allegations contained in Paragraph 14 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. The allegations contained in Paragraph 15 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint and expressly state that RBC Management LLC does not have an annual gross volume of sales greater than $500,000.00; in fact, it has no revenue.

16. The allegations contained in Paragraph 16 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. The allegations contained in Paragraph 17 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint and expressly state that Rockwell Beer Company LLC has no employees.

18. The allegations contained in Paragraph 18 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and expressly state that RBC Biergarten LLC has no employees.

19. The allegations contained in Paragraph 19 contain legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit that goods from Brewers Supply Group and Yakima Hops are used at the Vandeventer location, but Defendants deny all remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants admit that tip pools being used at the two different locations were (and are) handled completely separately from each other, but Defendants deny all remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants admit Ryan Nickleson was hired to manage the operations at the Vandeventer location but state that, partly due to the COVID-19 pandemic and partly due to his failure to properly perform, he customarily and regularly performed the work of other tipped employees at that location.  Defendants also state that Ryan Nickleson's employment was

terminated on December 7, 2021. Defendants deny any remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit Ryan Nickleson was hired to manage the operations at the Vandeventer location but state that, partly due to the COVID-19 pandemic and partly due to his failure to properly perform, he customarily and regularly performed the work of other tipped employees at that location. Defendants also state that Ryan Nickleson's employment was terminated on December 7, 2021. Defendants deny any remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit Ryan Nickleson was hired to manage the operations at the Vandeventer location but state that, partly due to the COVID-19 pandemic and partly due to his failure to properly perform, he customarily and regularly performed the work of other tipped employees at that location. Defendants also state that Ryan Nickleson's employment was terminated on December 7, 2021. Defendants deny any remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants admit Ryan Nickleson was hired to manage the operations at the Vandeventer location but state that, partly due to the COVID-19 pandemic and partly due to his failure to properly perform, he customarily and regularly performed the work of other tipped employees at that location. Defendants also state that Ryan Nickleson's employment was terminated on December 7, 2021. Defendants deny any remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

Defendants further specifically deny any allegation in Plaintiff's Complaint that is not expressly admitted above.

Defendants further deny that Plaintiff or any employee is entitled to any of the relief requested in the Prayer for Relief, including subparagraphs A. through E.

WHEREFORE, Defendants pray that this Honorable Court enter an Order dismissing Plaintiff's claims and award Defendants their costs and attorney's fees wrongfully incurred by the necessity of defending against this matter.

## **DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that otherwise rests with Plaintiff, Defendants set forth the following affirmative and other defenses, and some are made in the alternative:

1. The complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. The tip pool was at all times a valid tip pool under applicable law, and Defendants – at all times when taking a tip credit under the FLSA – did so properly.

3. All employee participants in the tip pool qualify under the applicable law for such participation.

4. All employee participants were properly informed of the tip pool, the participation requirements and amount.

5. Plaintiff and the employees on whose behalf Plaintiff sues are precluded from recovering any amounts from Defendants because Defendants have paid all employees all sums legally due under the FLSA.

6. The Complaint is barred in whole, or in part, by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

7. With respect to some, or all, claims brought by Plaintiff, Defendants affirmatively plead that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing Defendants were in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA. 29 U.S.C. § 255(a).

8. Plaintiff and the employees on whose behalf Plaintiff sues may not recover liquidated damages because (i) Defendants (including its officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendants (including its officers, managers and agents) did not authorize or ratify any willful violation with respect to the employees; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

9. To the extent Plaintiff and the employees on whose behalf Plaintiff sues are entitled to damages, Defendants are entitled to a credit for, or set off against,

amounts overpaid to them in the course of their employment, in the form of customer tips or otherwise.

10. The Complaint is barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because Defendants relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

11. Plaintiff and the employees on whose behalf Plaintiff sues may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

12. To the extent the Department of Labor relies on its Tip Final Rule that became effective on November 23, 2021, such Tip Final Rule cannot be applied or be the basis for liability, relief or penalty for Defendants' actions taken prior to the effective date of the Tip Final Rule.

13. Some or all of the claims in the Complaint are barred by the doctrine of election of remedies.

14. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.  Plaintiff and the employees on whose behalf Plaintiff sues have already been compensated for the activities for which Plaintiff seeks

compensation under the FLSA.  Alternatively, Defendants are entitled to a credit or offset for sums paid.

15. The employees which Plaintiff purports to protect have been paid in accordance with the FLSA and any additional payment would amount to an improper windfall.

16. In accordance with 29 U.S.C. § 259, Defendants are not subject to any liability under the FLSA as alleged because the complained of acts or omission were in good faith and in conformity with and reliance of written administrative regulations or interpretations of the Wage and Hour Division of the United States Department of Labor.

17. In accordance with 29 U.S.C. § 260, Defendants are not liable for liquidated damages under the FLSA because the complained of acts or omissions giving rise to this lawsuit were in good faith, and Defendants had reasonable grounds for believing that such acts or omissions were not in violation of the FLSA, including good faith reliance on counsel and the actions of government agencies.

18. Because Plaintiff's position in this matter is not substantially justified, Defendants shall be entitled to their fees and other expenses when they prevail in this matter, pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d).

19. Defendants presently have insufficient knowledge or information to form a belief as to whether they may have additional, as yet unstated, affirmative or

other defenses available, and they expressly reserve their right to assert additional defenses should discovery indicate they would be appropriate.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

 /s/ James M. Paul
James M. Paul, #44232 MO
Thomas R. Chibnall, # 67994 MO
7700 Bonhomme Avenue, Suite 650
St. Louis MO,  63105
Telephone:  314.802.3935
Facsimile:  314.802.3960
james.paul@ogletree.com
thomas.chibnall@ogletree.com


**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 3, 2023, I electronically filed the above and foregoing document using the Court's e-filing system, which sent notification to the following:

Elaine M. Smith
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
816-285-7262
Smith.Elaine.M@dol.gov

*Attorney for Plaintiff*

 /s/ James M. Paul
An Attorney for Defendants
